# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MYERS, | Case No. 1:20-cv-00472-SAB-HC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| FRESNO POLICE DEPARTMENT, et al., | |
| Respondents. | |

Petitioner is a state pretrial detainee proceeding pro se with a petition for writ of habeas corpus.

## I.

## BACKGROUND

Petitioner is currently confined at the Fresno County jail. (ECF No. 1 at 2).[1] In the instant federal habeas petition, Petitioner raises a speedy trial claim with respect to his Fresno County criminal proceeding, which involves resisting an executive officer in violation of California Penal Code sections 69. (Id. at 2, 3). Petitioner also alleges that he was unlawfully arrested, subject to assault and sexual assault while in detention, had his legal documents confiscated, and was denied penicillin. (Id. at 4, 12, 17, 19). The petition also includes allegations regarding cryptocurrency and various technologies. (Id. at 12–19).

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. Younger Abstention

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court."). "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008).

The Ninth Circuit has held that the "logical implication" of Younger "is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (citing Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980)). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown, 676 F.3d at 903 (internal quotation marks omitted) (quoting Carden, 626 F.2d at 84).

///

---

[2] The Rules Governing Section 2254 Cases also apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

"[T]he rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause *as an affirmative defense to state prosecution*." Brown, 676 F.3d at 903 (emphasis added). However, a petitioner seeking "only to demand enforcement of the [State]'s affirmative constitutional obligation to bring him promptly to trial," and having exhausted all available state remedies toward that end, may go forward with a federal habeas petition. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–90 (1973). See Coleman v. Ahlin, 542 F. App'x 549, 551 (9th Cir. 2013) (noting that Braden "[p]lac[ed] great weight on the fact that 'petitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes,' and that he came 'to federal court, not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum.'" (quoting Braden, 410 U.S. at 491)).

Here, Petitioner requests "release from unlawful custody." (ECF No. 1 at 9). Although unclear, it appears that Petitioner raises a speedy trial claim as an affirmative defense to state prosecution, which would require the Court to abstain from exercising jurisdiction. However, it is possible that Petitioner seeks only to demand enforcement of the State's obligation to bring him promptly to trial. Thus, Petitioner must inform the Court whether he raises a speedy trial claim as an affirmative defense to state prosecution or whether he seeks only to demand enforcement of the State's obligation to bring him promptly to trial.

**B. Exhaustion**

It also appears that Petitioner may have failed to exhaust the claims that he appears to raise in the instant petition. "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). The "comity considerations are not limited to challenges to the validity of state court convictions," but also

include "attack[s] . . . on the failure of state prosecutorial authorities to afford [petitioners] a speedy trial." Id. (citing Braden, 410 U.S. 484). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court will not proceed to the merits of his claims as a prudential matter. The petition states that Petitioner sought review in the California Supreme Court and the result is pending in case number 19905355. (ECF No. 1 at 7). However, that case number corresponds to Petitioner's Fresno County Superior Court proceeding. (ECF No. 1 at 2). Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

**C. Conditions of Confinement**

A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit recently adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

In addition to his speedy trial claim, Petitioner also alleges that he was subject to assault and sexual assault while in detention, had his legal documents confiscated, and was denied penicillin. (ECF No. 1 at 4, 12, 17, 19). The Ninth Circuit has "long held that prisoners may not

4

challenge mere conditions of confinement in habeas corpus." <u>Nettles</u>, 830 F.3d at 933 (citing <u>Crawford v. Bell</u>, 599 F.2d 890, 891–92 (9th Cir. 1979)). Accordingly, Petitioner will be required to show cause why the Court has habeas jurisdiction over his conditions of confinement claims.

### III.

### ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed based on <u>Younger v. Harris</u>, 401 U.S. 37 (1971), failure to exhaust state judicial remedies, and failure to state cognizable federal habeas corpus claims.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **April 6, 2020**

UNITED STATES MAGISTRATE JUDGE