1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MYERS, | Case No. 1:20-cv-00472-NONE-SAB-HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION |
| FRESNO POLICE DEPARTMENT, et al., | |
| Respondents. | |

Petitioner is a state pretrial detainee proceeding pro se with a petition for writ of habeas corpus.

## I.

## BACKGROUND

Petitioner is currently confined at the Fresno County jail. (ECF No. 1 at 2).[1] In the instant federal habeas petition, Petitioner raises a speedy trial claim with respect to his Fresno County criminal proceeding, which involves resisting an executive officer in violation of California Penal Code sections 69. (Id. at 2, 3). Petitioner also alleges that he was unlawfully arrested, subject to assault and sexual assault while in detention, had his legal documents confiscated, and was denied penicillin. (Id. at 4, 12, 17, 19). The petition also includes allegations regarding cryptocurrency and various technologies. (Id. at 12–19).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On April 7, 2020, the Court ordered Petitioner to show cause why the petition should not be dismissed based on <u>Younger v. Harris</u>, 401 U.S. 37 (1971), failure to exhaust state judicial remedies, and failure to state cognizable federal habeas corpus claims. (ECF No. 4). Petitioner filed responses to the order to show cause on April 28, 2020.[2] (ECF Nos. 7, 8).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[3] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. <u>Younger</u> Abstention

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. <u>Younger</u>, 401 U.S. at 41; <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 134 S. Ct. 584, 588 (2013). <u>See also</u> <u>Kowalski v. Tesmer</u>, 543 U.S. 125, 133 (2004) ("The doctrine of <u>Younger v. Harris</u> . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court."). "<u>Younger</u> abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." <u>San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose</u>, 546 F.3d 1087, 1091 (9th Cir. 2008).

The Ninth Circuit has held that the "logical implication" of <u>Younger</u> "is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that

---

[2] Petitioner filed two responses to the order to show cause. One response, entitled "Non-filed Order to Show Cause 'Fraud'," consists of the Court's order to show cause and various documents previously submitted to the Court as attachments to the petition. (ECF No. 7). The other response, entitled "Amended Complaint and Reply," lists the case number of the instant proceeding as well as the case number of Petitioner's prisoner civil rights action that is also pending in the district court. (ECF No. 8). The Court will construe this submission as a response to the Court's order to show cause in the instant matter. <u>See</u> <u>Bernhardt v. Los Angeles County</u>, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally . . . .").

[3] The Rules Governing Section 2254 Cases also apply to § 2241 habeas petitions. <u>See</u> Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (citing Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980)). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown, 676 F.3d at 903 (internal quotation marks omitted) (quoting Carden, 626 F.2d at 84).

"[T]he rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause *as an affirmative defense to state prosecution*." Brown, 676 F.3d at 903 (emphasis added). However, a petitioner seeking "only to demand enforcement of the [State]'s affirmative constitutional obligation to bring him promptly to trial," and having exhausted all available state remedies toward that end, may go forward with a federal habeas petition. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–90 (1973). See Coleman v. Ahlin, 542 F. App'x 549, 551 (9th Cir. 2013) (noting that Braden "[p]lac[ed] great weight on the fact that 'petitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes,' and that he came 'to federal court, not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum.'" (quoting Braden, 410 U.S. at 491)).

Here, Petitioner requests "release from unlawful custody." (ECF No. 1 at 9). Although unclear, it appears that the petition raises a speedy trial claim as an affirmative defense to state prosecution, which would require the Court to abstain from exercising jurisdiction. Although the Court ordered Petitioner to "inform the Court whether he raises a speedy trial claim as an affirmative defense to state prosecution or whether he seeks only to demand enforcement of the State's obligation to bring him promptly to trial," (ECF No. 4 at 3), Petitioner does not directly and explicitly provide an answer in his response to the order to show cause. However, Petitioner does refer to "requesting immediate release." (ECF No. 8 at 2).

///

1    Based on the foregoing, it appears that Petitioner raises a speedy trial claim as an
2  affirmative defense to state prosecution, which requires this Court to abstain from exercising its
3  jurisdiction. Brown, 676 F.3d at 903. As the instant federal habeas petition challenges
4  Petitioner's ongoing criminal proceeding in state court, the Court should abstain from interfering
5  with the state judicial process pursuant to Younger, and dismissal is warranted on this ground.

6      **B.  Conditions of Confinement**

7    A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or
8  duration of his confinement" and "seeks either immediate release from that confinement or the
9  shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit
10  recently adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas
11  corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934
12  (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521,
13  535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his
14  immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core
15  of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935
16  (quoting Skinner, 562 U.S. at 535 n.13).

17    In addition to his speedy trial and unlawful arrest claims, Petitioner also alleges that he
18  was subject to assault and sexual assault while in detention, had his legal documents confiscated,
19  and was denied penicillin. (ECF No. 1 at 4, 12, 17, 19). The Ninth Circuit has "long held that
20  prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles, 830 F.3d
21  at 933 (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). Accordingly, dismissal is
22  warranted on this ground.

23                **III.**

24            **RECOMMENDATION**

25    Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for
26  writ of habeas corpus be DISMISSED without prejudice.

27    This Findings and Recommendation is submitted to the assigned United States District
28  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 13, 2020**

UNITED STATES MAGISTRATE JUDGE